Smith, J.
It appears from the record, that two actions concerning the real estate in question were pending in the court of common pleas of this county, and by order of the court, (whether properly made or not,is not in controversy now,) the two were consolidated, and therefore proceeded as one case.
The first of these two actions was No. 70613, and was brought by Joseph Elstner Jun.,and others for the purpose of foreclosing a mortgage held by them, given by one of the heirs at law of John Elstner, deceased, on his interest as such heir in the real estate of which his father, John Elstner, was seized at his death. It also asked for a judgment against him for the amount of the notes the mortgage was given to secure- — -not in separate causes of action, but in the general prayer for relief. Other persons claiming an interest in said real estate, by way of lien or otherwise, were made parties defendant to the action, and among others, the administrator of John Elstner, dec’d, who, as has been said, owned the land at the time of his death, and the same had never been sold by his administrator or heirs at law. The defendants, who claimed liens on the property, filed their answers and cross-petitions.
*518 The other action (No. 82,805) was one brought by C. E. Elstner, one of the heirs at law of said John Elstner, dec’d, for the partition of the same property. The other heirs at law were made defendants, together with a large number of other persons who had or claimed liens on the same, who were brought in during the pendency of the action and asserted their liens on the property. The administrator of the estate of John Elstner, dec’d, was also made a party,and on his death, the administrator de bonis non of his estate, who filed an answer, and also, under the provision of sec. 6173-4 Rev. Stat., filed a statement from the probate court, showing money needed to pay the debts of their intestate; but this, it is said, was afterwards revoked,
After the cases were consolidated, a final decree was rendered by the court of common pleas, by which it was adjudged that the proceeds of this real estate were to be appropriated to the payment of the mortgages given thereon by the heirs of John Elstner, to the exclusion of any claim cf' the administrators to receive the same, or any part thereof, to pay the debts of the intestate. From this decree the administrator appealed. Was such appeal good,or must it be dismissed ?
If the administrator of the estate of John Elstner was a proper party to either of such actions, and either of them was appealable, it would seem that the motion should be overruled. He was, in our judgment, a proper party to the foreclosure suit. It was one, the result of which, if the claim was successful, would be to apply the land in question to the payment of the debts of the heirs cf the intestate, while it was first liable for the payment of the debts of the true owner; and as against the debts of the father, neither the heirs or their assignees could acquire a good title to the land. The administrator represented those debts,- and was denied to have from the land, or its proceeds if sold, a sum sufficient to pay the *519 debts of his intestate, if it would realize so much. And if the administrator was a party to a suit of this kind, a decree shutting him out from such right, would be a bar to his further assertion of the claim, and these are strong reasons why he should be allowed to appeal therefrom, precisely as any other party in the case.
But] the claim is made by counsel filing the motion, that, as the petition of the plaintiff asked not only for a foreclosure of the mortgage, but asked for a personal judgment against the mortgagor on the notes given by him, that the case is one in which a jury trial is demandable, and therefore is not appealable. It is clear, we think, under the decision of the Supreme Court, that where the plaintiff holding the [mortgage and notes, seeks to recover against the mortgagor, a foreclosure and also a personal judgment, as to these parties the case is not appealable. But we understand the rule to be different where other lien holders or persons claiming the property or fund are made parties, against whom no personal claim is made, and who set up their rights thereto. In this case we think they have the right to appeal from a decree affecting their interests. See 31 Ohio St., 568.
The same, it seems, would be the case if the decree were in the partition case. In my judgment, since the revision of 1880, which brought partition, dower, mandamus and others under the form of proceedings in civil actions, all partition cases are appealable. But this was not a mere statutory proceeding. There were conflicting rights and equities set up by lien holders, and such were always appeal-able.
But we may say that judging from the statements of counsel as to the facts of this case, it seems to us that it will be difficult, if not impossible, for the administrator to take much benefit from the appeal. But this can not affect his right to do so. A majority of the court is of the opinion *520 that the motion to dismiss the appeal should be overruled.-
Hollister, Roberts & Hollister, for motion.
McDougall & Goodman contra.
Judge Cox dissents, thinking the case is not appealable.